IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BONCHER-WALES MARKETING )
GROUP, INC., )
                                  )
            Plaintiff,            )
                                  )
      v.                          )    No. 09 C 0886
                                  )
GXi INTERNATIONAL, LLC, a         )
Nevada limited liability          )
company, GXi OUTDOOR POWER, LLC,  )
a Nevada limited liability        )
company, and GXi PARTS &          )
SERVICE, LLC., a Nevada           )
limited liability company         )
                                  )
            Defendants.           )

## OPINION AND ORDER

Plaintiff Boncher-Wales Marketing Group, Inc. alleges that defendants GXi International, LLC, GXi Outdoor Power, LLC, and GXi Parts & Services, LLC have failed to pay commissions that were due under an oral contract to provide sales representative services. All the members of defendants are citizens of North Carolina and plaintiff is a citizen of Illinois. There is complete diversity of citizenship. It is alleged that the unpaid commissions total more than $75,000. Defendants have moved to dismiss on the ground that the amount in controversy for purposes of determining diversity jurisdiction does not exceed $75,000.

This action was filed on February 12, 2009. The parties agree that plaintiff terminated the parties' relationship by resigning effective February 11, 2009. In its First Amended Complaint, plaintiff alleges that it was entitled to a 5% sales commissions. Some of the larger accounts are alleged, but not the specific amount of sales. It is alleged that some, but not all, of the commissions for sales to Ace Hardware had been paid, but no other commissions. Count I is for breach of an oral contract. Count II is a statutory claim under the Illinois Sales Representative Act, 820 ILCS 120. It is alleged that commissions were left unpaid more than 13 days after the parties' relationship was terminated as well as more than 13 days after additional commissions became due after termination. Plaintiff alleges that, for such overdue commissions, it is entitled to claim exemplary damages up to three times the overdue commissions. See Id. §§ 120/2-3. Count III is an alternative claim that, absent there being an enforceable contract, plaintiff is entitled to post-termination commissions based on the common law "procuring cause doctrine." See Clinton Imperial China, Inc. v. Lippert Mktg., Ltd., 377 Ill. App. 3d 474, 878 N.E.2d 730, 738 (1st Dist. 2007); Solo Sales, Inc. v. North Am. OMCG, Inc., 299 Ill. App. 3d 850, 702 N.E.2d 652, 653-55 (2d Dist. 1998); AA Sales & Assoc., Inc. v. Coni-Seal, Inc., 550 F.3d 605, 610 (7th Cir. 2008); Houben v. Telular Corp., 231 F.3d 1066, 1073

(7th Cir. 2000). In response to the motion to dismiss, plaintiff adds to its conclusory allegation in the First Amended Complaint that damages exceed $75,000.

Attached to defendants' motion to dismiss is a February 23, 2009 letter from their counsel to plaintiff in which it is stated that the only commissions that remain due total $39,733.99. A check for that amount was enclosed with the letter. The check contains a restrictive endorsement that, by cashing the check, plaintiff waives all further claims against defendants. Defendants assert that no portion of the $39,733.99 was due until after the lawsuit was filed, even though some of the commissions are for payments received as early as September 2008. In the letter, defendants contend that any post-termination commissions are limited to being based on payments received within six months after plaintiff's resignation. Defendants base this last contention on terms of a written contract that plaintiff alleges was never consummated and therefore is unenforceable.

Attached to plaintiff's response to the motion to dismiss is the letter plaintiff's counsel wrote in response to the letter of defendants' counsel. Plaintiff's counsel states that the check is being held, but not cashed, because of the restrictive endorsement it contains. Attached to the letter is a summary of defendants' Ace Hardware account providing support that the

commissions earned are actually $2,140.03 more than the check that was sent. Plaintiff also provides records showing there is at least an additional $521,661.80 in sales to Ace Hardware for which payment was due March 22, 2009 and for which defendants had paid no commissions. The commissions on those sales would be $26,083.09. On April 8, defendants provided a check for $11,194.40 of this amount, but again with the restrictive endorsement. Because of the restrictive endorsement, plaintiff has not cashed that check. Plaintiff also contends that it will continue to accrue additional commissions as additional sales are made and paid and that no six-month limit applies to the accrual of its commissions so there was, at the time of filing this action, a genuine dispute about future commissions.

The jurisdictional amount requirement must be satisfied at the time the action is first filed.[1] Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, <u>Federal Prac. & Proc.: Jurisdiction 3d</u> § 3702 at 62 (1998). In making a determination as to the amount at issue at the time the case was filed, the

---

[1]Most often, this rule is applied when the jurisdictional amount is satisfied at the time the lawsuit is filed, but subsequent events reduce the potential recovery. Apparently, it has also been rotely applied (or recited) when the amount in controversy might not be satisfied when the lawsuit is filed, but subsequent events increase the amount at issue. That is a possible situation in the present case. It need not be decided whether a court can retain jurisdiction in the latter situation since, as is discussed below, it is found that the amount in controversy as of the date the lawsuit was filed was in excess of $75,000.

record at the time the issue is considered may be used in making the retrospective determination. Id. at 57-59. The amount in controversy is not the amount that the plaintiff can successfully prove it is entitled to recover, but what plaintiff hopes to get. Rising-Moore v. Red Roof Inns, Inc., 435 F.3d 813, 816 (7th Cir. 2006); Oberweis Dairy, Inc. v. Democratic Cong. Campaign Comm., Inc., 2008 WL 4671753 *2 (N.D. Ill. Oct. 21, 2008).

Ordinarily, the plaintiff's good faith allegation as to the amount it seeks will be accepted to support the jurisdictional amount. However, if the defendant sufficiently raises an issue as to the jurisdictional amount, the plaintiff must establish the potential value of its claim by "a preponderance of the evidence." Meridian Sec. Ins. Co. v. Sadowski, 441 F.3d 536, 543 (7th Cir. 2006). That, however, does not mean that the plaintiff will have to prove the merits of its claim or the amount it will be able to successfully recover. It need only establish facts as to the amounts it might recover. That is enough to support jurisdiction unless there is a legal certainty that the amount cannot be recovered. Id. at 541, 543. Also, it must be recognized that "preponderance" is a relative term. The support for plaintiff's contention must outweigh contrary support submitted by the defendant. Defendant contends plaintiff cannot possibly meet the standard stated in Sadowski because plaintiff has not submitted any affidavit or declaration.

In establishing the jurisdictional amount, a party is not limited to submitting evidence that would be admissible in court or acceptable on summary judgment. See id. at 541-42 (listing examples of types of proof). Moreover, plaintiff need only respond to what defendant has submitted. If the defendant provides only allegations that the amount in controversy is a certain amount, the plaintiff need only respond with allegations. See, e.g., Batarseh v. Wireless Vision, LLC, 2008 WL 4833290 *1-2 (N.D. Ind. Nov. 6, 2008); Patel v. Boghra, 2008 WL 2477695 *4 (N.D. Ill. June 18, 2008). Here, defendants provide the letter of their attorney that conclusory asserts how much money is at issue and when monies became due. Plaintiff responds with a letter of its own attorney that attaches some supporting documentation and specifically sets out certain of the monetary amounts involved. The allegations contained in the more detailed letter of plaintiff sufficiently meet the preponderance standard. Moreover, defendant do not dispute that additional payments will continue to come in that have potential commissions exceeding $75,000. They only dispute whether plaintiff would be entitled to such commissions.

A question still remains, however, as to what amounts can be considered at issue as of the time this action was filed, which was the day after plaintiff resigned. Defendants question whether it was appropriate to anticipate a possible failure to

pay money that was not yet due. According to plaintiff's allegations, however, there were already due and unpaid amounts at the time the lawsuit was filed. Also, viewed from the present perspective, there are amounts that came due in March or April that defendants have not paid and potentially are subject to treble exemplary damages that readily bring the claimed damages over the $75,000 jurisdictional threshold. It cannot be determined with legal certainty that plaintiff improperly anticipated a breach. Also, there is a dispute concerning whether plaintiff's commissions are limited to a six-month period following termination. That existed as of the time of the filing of this action and plaintiff can allege in good faith that resolving that issue in its favor had a present value of more than $75,000 at the time plaintiff filed suit. The jurisdictional amount is satisfied.

Defendants label their motion to dismiss as also being for Rule 11 sanctions. That is improper in form since a motion for Rule 11 sanctions must be "made separately from any other motion." Fed. R. Civ. P. 11(c)(2). In any event, since the motion to dismiss is denied, it cannot be found that plaintiff's filing is frivolous. Similarly, plaintiff labels its response brief as also being a request for Rule 11 sanctions. In addition to not raising this in a separate motion, there is also no indication that plaintiff satisfied the prerequisite of first

serving the motion on defendants and allowing 21 days for defendant to withdraw the allegedly offending document. See id. In any event, defendants' jurisdictional arguments are not found to be frivolous.

IT IS THEREFORE ORDERED that defendants' motion to dismiss and for sanctions [8] is denied. Plaintiff's request for sanctions is denied. Within 10 days, defendants shall answer the amended complaint. All discovery is to be completed by August 28, 2009. A status hearing will be held on July 2, 2009 at 11:00 a.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: MAY 1, 2009